UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID NOORANI | CIVIL ACTION |
| VERSUS | NO:08-4773 |
| MOTIVA ENTERPRISES | SECTION: "J" (4) |

**ORDER AND REASONS**

Before the Court is Defendant's **Motion for Summary Judgement** (Rec. D. 22) and **Motion in Limine** (Rec. D. 23). Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's Motion for Summary Judgment is **GRANTED** and Defendant's Motion in Limine is **DENIED** as **MOOT.**

**PROCEDURAL AND FACTUAL BACKGROUND**

This is an employment discrimination case. Mr. Noorani, a person of middle eastern decent, began employment with Motiva Enterprises (hereafter "Motiva") as a contract employee in May of 2005. In July 2008, Mr. Noorani had an argument with Mr. Leblanc, also a contract employee for Motiva. Several allegations were made regarding the incident including physical contact and the use of profane language. Human Resources conducted an investigation and determined that Mr. Noorani had violated the Code of Conduct for Motiva. Mr. Noorani was subsequently

terminated. Defendant has filed a Motion for Summary Judgment and a Motion in Limine to exclude Plaintiff's medical expert.

**DISCUSSION**

Defendant Motiva moves for Summary Judgment against Plaintiff. In support, it first asserts that Mr. Noorani is an at-will employee who they can terminate for any legal reason. Quebedeaux v. Dow Chem. Co., 820 So 2d 542, 545 (La. 2002). In order to prove that the firing was illegal, Plaintiff must allege a prima facie case of discrimination. Willis v. Coca Cola Enters., Inc., 445 F. 3d 413, 420 (5th Cir. 2006). Then, Defendant must show that they had a "legitimate non-discriminatory reason for the adverse employment action." Id. If this is accomplished, the Plaintiff bears the burden of showing that reasons given are merely pretextual. Id.

Defendant contends that they had legitimate reasons for terminating Mr. Noorani's employment including reports of verbal and physical attacks on Ricky LeBlanc which violated Motiva's code of conduct.

In response, Plaintiff asserts that Mr. Noorani was in very good employment standing at the time of his termination. In fact, he not only received very good employment evaluations but also the Safety CEO Award from William Welte, CEO of Motiva in May of

2008.

Mr. Noorani contends that in 2008 he was transferred to the night shift in order to help the night shift improve on its safety performance. Mr. Noorani asserts that his job was to monitor safety violations. He admits that in early July 2008, he approached Ricky Leblanc to confront him, loudly, about a safety violation by someone on Mr. Leblanc's team. Mr. Noorani further admits that when Mr. Leblanc walked away from him, Mr. Noorani grabbed Mr. Leblanc's arm to stop him from walking away. Mr. Noorani claims that as he reached out his arm he realized that Mr. Leblanc had not observed the safety violation, apologized, and walked away.

After an investigation, Plaintiff indicates that he was told that he had to retire due to the alleged violation of Motiva's code of conduct.

Plaintiff asserts several facts as evidence that this was a race-based firing and that the code of conduct violation was merely a pretext. First, Plaintiff avers that he was told by Jeff Funkhouser, another employee of Motiva, that Tanya Hooper, an HR representative, was out to get him.[1] Plaintiff also testified in his deposition that he had heard about an incident in 2007 in which Jeff Funkhouser had kicked another employee, been accused

---

[1] Plaintiff's support for this statement comes from his own sworn deposition and not from Mr. Funkhouser himself. This statement is clearly inadmissible hearsay

of carrying a knife around, and had not been terminated. Mr. Noorani also asserts that another employee of Motiva, Kirk Kallenberger had barged into a supervisors office and cursed at him without being fired. Finally, Plaintiff asserts that David Weaver had been fired for breaking a cardinal rule but was subsequently re-hired. All of these men, asserts Plaintiff, are Caucasian.

Plaintiff also points to e-mails from Tanya Hooper advocating for his dismissal or demotion as well as various inconsistencies in the investigation into his dismissal as evidence of discrimination.

Furthermore, Mr. Noorani asserts that on several occasions he was asked questions about his nationality, had discovered offensive writing inside the walls of port-o-potties, and knew of instances where hangman's nooses were discovered at the refinery.

Mr. Noorani also asserts that as a part of his culture he uses his hands to gesture and touch people.

Plaintiff goes on to say that he has established the necessary elements for a prima facie case of discrimination pursuant to 42 USC § 1981. These include a showing that (1)he is a member of a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) he was treated in a disparate manner to similarly situated employees who were white.

Plaintiff asserts that he has provided sufficient evidence that the reason given by Motiva for firing him was pretextual by identifying similarly situated employees who violated the code of conduct and were not fired.

Furthermore, Plaintiff argues that he provides sufficient evidence that the firing was racially motivated because of Jeff Funkhouser's assertion that Tanya Hooper was out to get Mr. Noorani. Finally, Plaintiff asserts that e-mails and comments from people in human resources prove that the office was out to get him and as a result the decision to fire him was more than a mere business decision.

In reply, Defendant focuses on two major arguments. First, Defendant asserts that Plaintiff did not adequately refute Defendant's submission outlining the established uncontested issues of fact and therefore they are admitted.

Defendant also contends that Plaintiff's inadmissible hearsay statements are not sufficient to establish a prima facie case of discrimination. Even if those statements are admitted, argues Defendant, Plaintiff has failed to show that Motiva's legitimate, non-discriminatory reason for firing Mr. Noorani is pretextual.

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. *Id*. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. *Id*. "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *[The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" *Little*, 37 F.3d 1075 (emphasis in original)(citations omitted).

Title VII provides: "It shall be an unlawful employment practice for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  In order to prevail on a Title VII race discrimination claim the plaintiff must show that he was treated in a manner which "but for" race, would have been different.  <u>City of Los Angeles Dept. of Water and Power v. Manhart</u>, 435 U.S. 702, 711 (1978).  A successful Title VII claim requires a showing of intentional discrimination.  <u>Peters v. City of Shreveport</u>, 818 F.2d 1148, 1153 (5th Cir. 1987), cert. denied, 485 U.S. 930 (1988), abrogated on other grounds, <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989).

There is a three part test to determine whether intentional discrimination exists.  See <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973); <u>Taylor v. United Parcel Service, Inc.</u>, 554 F.3d 510, 522-23 (5th Cir. 2008).  First, Plaintiff must establish a prima facie case by alleging sufficient facts, supported by evidence, to prove all four elements of an employment discrimination claim. <u>Willis v. Coca Cola Enters</u>., 445 F.3d 413, 420 (5th Cir. 2006). To establish a prima facie case, the plaintiff must show that "(1) [he] is a member of a protected class, (2) [he] was qualified for [his] position, (3) [he]

suffered an adverse employment action, and (4) others similarly situated were more favorably treated." Id. at 420 (citing Rutherford v. Harris Co., Tex., 197 F.3d 173, 184 (5th Cir. 1999)). If the plaintiff can pass this hurdle, then under the McDonnell Douglas framework an inference of discrimination is created and the burden shifts to the employer to provide a non-discriminatory reason for the adverse employment action. Willis at 420. If the employer shows a non-discriminatory reason for the adverse employment action, then the burden shifts back to the plaintiff to prove that the employer's reason is pretextual. Id.

To demonstrate that the proffered reason is pretextual, the plaintiff must "show that a reasonable factfinder could conclude that [the employer's] reason [is] unworthy of credence…." Moore v. Eli Lilly & Co., 990 F.2d 812, 815-816 (5th Cir. 1993) Furthermore, "a reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 516 (U.S. 1993).

Assuming that Plaintiff has alelged facts necessary to establish a prima facie case, the Defendant has provided a non-discriminatory reason for the firing of Mr. Noorani relating to the incident with Mr. Leblanc. As such, the burden is on the Plaintiff to show that this reason is both false and that discrimination was the true purpose behind the firing. St. Mary's

at 516.

The Court finds that Plaintiff has failed to submit any admissible evidence which would indicate that the stated reason for his firing was a mere pretext. While Plaintiff, through his own sworn statement only, asserts that the firing was pretextual, he offers no evidence to support his assertion that the real reason for his firing was discrimination.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. D. 22)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion in Limine (Rec. D. 23)** is **DENIED** as **MOOT.**

New Orleans, Louisiana, this the 25th day of November 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE